## George W. Lathrop *vs* John M. Grosvenor.

In an action on the covenant against incumbrances, the burden of proof is on the plaintiff to show that any incumbrance was lawful.

ACTION OF CONTRACT on the usual covenant against incumbrances in a deed of land from the defendant to the plaintiff

The case was referred by rule of court to arbitrators, who awarded in favor of the plaintiff, subject to the opinion of the court on these facts : " The Boston and Maine Railroad, some eight years since, in the construction of their railroad across the Spicket River, laid the abutments of a bridge in such a manner as to obstruct the natural flow of the water of the river, (not navigable,) at certain times of the year, thereby causing the plaintiff's land to be flowed, for which the damages are claimed."

*N. W. Harmon*, for the plaintiff.

*E. P. G. Marsh*, for the defendant.

BIGELOW, J.* The plaintiff, on the facts stated in the report of the referees, is not entitled to the sum assessed for damages caused by the erection of a bridge by the Boston and Maine Railroad over the Spicket River. The burden of proof was on the plaintiff to show a breach of the covenant against incumbrances. To show such breach by the erection of the bridge, which caused water to flow back on his land, it was necessary for him to establish a legal right in the Boston and Maine Railroad to obstruct the stream. The defendant did not covenant against the unlawful and tortious acts or trespasses of third persons, but only against such rights or easements in the premises conveyed as constituted legal incumbrances thereon. It does not appear by the report of the referees, that any evidence was offered by the plaintiff as to the mode in which the bridge was built, or whether it was lawfully erected over the river by the railroad corporation. If it was built in a reasonable and proper manner, within the due exercise of the power conferred on the corporation by their franchise, and for the purpose of constructing their road in a convenient and suitable manner, then it was a lawful erection, and the right to flow back water on the land conveyed to the plaintiff by the defendant would be a lawful incumbrance, for which an action of covenant would lie. But if the bridge was built in a mode not required for the due,

---

* This case was decided, and the subsequent cases were argued, at Boston in January 1858; present all the judges but THOMAS, J.

5 *

reasonable and proper construction of the road, or the obstruc
tion of the stream was a wanton and careless act on the part
of the railroad corporation, not necessary to the due exercise of
its franchise, then there was no breach of covenant. In such
case, the acts of the railroad were tortious and unlawful, and the
plaintiff's remedy therefor was by an action of tort against the
railroad corporation. *Mellen* v. *Western Railroad*, 4 Gray, 301.
*Perry* v. *Worcester*, 6 Gray, 544.